IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GOVINDASWAMY NAGARAJAN | ) | |
| | ) | |
| v. | ) | No. 3:20-cv-1074 |
| | ) | |
| TENNESSEE STATE UNIVERSITY | ) | |

**To: The Honorable Eli J. Richardson, District Judge**

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff filed a complaint on December 16, 2020 in which he alleged that the named defendant committed violations of Title VII of the Civil Rights Act of 1964. (Docket No. 1.)[1] Plaintiff additionally filed an application to proceed in forma pauperis (Docket No. 2), which was denied by the District Judge on December 21, 2020. (Docket No. 4.) On January 26, 2021, Plaintiff paid the required civil filing fee. (Docket No. 6.) The following day, the District Judge entered a referral order that not only emphasized Plaintiff's duty to effect service of process on the defendant but provided detailed guidance on how to do so. (Docket No. 7 at 1-2.) The District Judge also warned Plaintiff that "[f]ailure to complete service of process could result in dismissal of this action." (*Id*. at 2.) Despite such assistance and admonishment, Plaintiff has failed to serve the named defendant in accordance with Rule 4.

Rule 4 requires that a defendant be served with process within 90 days of the date an action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Fed. R.

---

[1] Notwithstanding his status as a *pro se* plaintiff, Mr. Nagarajan is far from a novice litigant. He has in fact filed seven different lawsuits in this Court, three of which involve the same defendant named in the current action.

Civ. P. 4(m). Plaintiff filed the complaint in this case more than 120 days ago and was specifically instructed by the District Judge to effect service more than 90 days ago. Because the named defendant has not been served with process within the time period set out in Rule 4, this action should be dismissed without prejudice.

Although the Court recognizes Plaintiff's status as a *pro se* litigant affords him some measure of leniency in the litigation of his case, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties to comply with orders of the Court. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (affirming district court's dismissal of *pro se* complaint because such dismissal was not "the result of inartful pleading or any lack of legal training, but rather because [the plaintiff] failed to adhere to readily comprehended court deadlines of which he was well-aware"). Plaintiff is a seasoned *pro se* litigant who has filed numerous lawsuits in this district against the very defendant named in this action. It is therefore not overly burdensome for Plaintiff to comply with the District Judge's order or the straightforward service requirements set forth in the Federal Rules of Civil Procedure.[2] The Court thus finds dismissal without prejudice is appropriate.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Plaintiff's action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

---

[2] On April 7, 2021, Plaintiff filed a "notice of heart attack and medical treatments" in which he indicated that he was admitted to the hospital on March 25, 2021 and discharged a few days later. (Docket No. 8.) While an acute coronary episode is certainly no trivial matter – even one which appears to have resolved uneventfully with medication – the episode occurred more than 90 days after the filing of the complaint, and Plaintiff has continued to ignore service of process requirements for several weeks after being discharged from the hospital.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (*en banc*). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

3

Case 3:20-cv-01074   Document 9   Filed 04/30/21   Page 3 of 3 PageID #: 144